**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Lawrence Dean GERBRICK, Movant,**

**v.**

**BRELAND INSURANCE TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

March 31, 1998.

Michael Shapero, Beachwood, OH, for Movant.

Melody G. Foster, Richmond, VA, for Respondent.

*MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on Movant Lawrence Dean Gerbrick's ("Mr. Gerbrick") Motion To Participate In The Breland Class Settlement. For the reasons which follow, Mr. Gerbrick's request for relief will be DENIED.

## I.

Persons who wished to join in the Breland Insurance Trust class action settlement ("Breland Matter"), under the terms of that settlement and the Order of this Court, had until September 30, 1989, to file a Statement of Intent to Participate ("Statement of Intent"). According to paragraph 13(b) of this Court's April 13, 1988 Order Preliminarily Approving Proposed Settlement, all persons who failed to submit a timely form are "forever barred from receiving any payments" in the Breland Matter.

On August 4, 1989, Michael Shapero, a lawyer, inquired on behalf of Lawrence Gerbrick and his wife, Nancy Gerbrick, about participating in the Breland Matter. The Breland Matter, then being administered by the Court, assigned Mr. and Mrs. Gerbrick each a Breland Matter number. The Breland Matter sent to Mr. Shapero packets of information known as the "Class B Packet" for each of the Gerbricks. Each contained a Statement of Intent form preprinted with the individual's name, Breland Matter number, and address for him or her to complete and return to the Breland Matter by September 30, 1989.

Neither Mr. Gerbrick nor Mr. Shapero ever returned the preprinted form sent to Mr. Gerbrick. Mr. Gerbrick instead completed and returned his wife's Statement of Intent form which was preprinted with Mrs. Gerbrick's name, Breland Matter number, and address. Section 2 of that form directed the person completing it to make "any necessary corrections to the mailing label" in the space provided in that section. Mr. Gerbrick did not correct his wife's Statement of Intent form to indicate he was returning it for himself rather than his wife. Consequently, the Statement of Intent form completed and submitted by Mr. Gerbrick created a claim for his wife, Nancy Gerbrick, with the Breland Matter and ultimately, the Breland Insurance Trust.

The Notice contained in the Class B Packet sent to Mr. Gerbrick through his attorney told him that the Breland Matter would acknowledge receipt of the Statement of Intent. It warned individuals to contact the Breland Matter immediately if they did not receive a timely acknowledgment of the filing of their Statements of Intent. Because it considered the Statement of Intent Mr. Gerbrick submitted to be on behalf of his wife, the Breland Matter never sent Mr. Gerbrick confirmation of receipt of his Statement of Intent. Neither Mr. Shapero nor Mr. Gerbrick contacted the Breland Matter to ask about acknowledgment of the filing of his Statement of Intent, as the Notice instructed him to do, suggesting that Mr. Gerbrick had not intended to create a claim of his own with the Breland Matter.

The Breland Matter did confirm to Mr. Shapero receipt of Nancy Gerbrick's Statement of Intent. Because Nancy Gerbrick already had a Dalkon Shield Claim with the Dalkon Shield Claimants Trust, her Breland Claim was eventually merged with her Dalkon Shield Claim and resolved by the Dalkon Shield Claimants Trust.

After receiving correspondence from the Trust containing Lawrence Gerbrick's social security number on Nancy Gerbrick's Dalkon Shield Claim, Mr. Shapero wrote the Trust in April 1992, stating that Mr. Gerbrick "has not presented a [Breland] claim." See Breland Trust Resp. Ex. 8. In August 1995, however, Mr. Shapero inquired about the status of Mr. Gerbrick's claim with the Breland Insurance Trust. He was told no claim existed. Mr. Gerbrick's Motion followed.

## II.

### A. *Mr. Gerbrick Did Not File A Timely Claim*

■ Mr. Gerbrick's mere signing of his wife's form did not evidence an intent to file a claim for himself. See *In re A.H. Robins Co., Inc. (Bennett v. Dalkon Shield Claimants Trust)*, 204 B.R. 194 (E.D.Va.1996) (user's reference to her daughter in submissions on the user's claim does not establish an intent to make a claim for the daughter). His assertion now that he did intend to present a claim of his own is not credible. His lawyer admitted in 1995 that Mr. Gerbrick never presented a claim. Mr. Gerbrick did not receive acknowledgment of receipt of his Statement of Intent. Yet, he never contacted the Breland Matter as the Class Notice

instructed. Had he intended to create a claim of his own, he would (or should) have done so. Had he done so, he would have discovered that no Statement of Intent had been received and he perhaps would still have had time to file one before the expiration of the deadline. Instead, he waited over six years to follow up on this faulty submission. Even if his signing of his wife's form had been enough to create a claim for himself, Mr. Gerbrick's protracted delay in discovering that a claim had not been established would preclude him from participating in the Breland Matter.

### B. *It is Too Late to Extend the Breland Deadline for Mr. Gerbrick*

Having determined that Mr. Gerbrick did not submit a Statement of Intent by the September 30, 1989 deadline, this Court must assess whether relief from the Order Approving The Breland Settlement should be granted so that Mr. Gerbrick can now participate in the Breland Insurance Trust fund. This Court reviews Motions To Participate In The Breland Class under Fed.R.Civ.P. 60(b). *See In re A.H. Robins Co., (Gorka v. Dalkon Shield Claimants Trust),* Case No. 85–01307–R, Docket No. 15781 (E.D.Va. Sept. 29, 1993). Rule 60(b)(1) allows relief for reasons of "mistake, inadvertence, surprise or excusable neglect." Any such motion pursuant to Rule 60(b)(1) must be made "within a reasonable time and not more than one year after the judgment or order from which relief is sought." *Id.* Mr. Gerbrick says he mistakenly believed the submission of his wife's Statement of Intent form could create a claim for him. His Motion thus comes within Rule 60(b)(1).

This Court issued the final Order approving the Breland Settlement on July 26, 1988. *See In re A.H. Robins Co.,* 880 F.2d 709 (4th Cir.), *cert. denied,* 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989). That Order established a response deadline of December 31, 1988, after which those failing to respond would be barred from participation in the settlement. This Court later extended the response deadline to September 30, 1989. Whether the one year limitation period began to run on the date of the Order, the date

of affirmation, or the date of the automatic bar, it expired long before Mr. Gerbrick's August 1995 letter to the Breland Trust inquiring about the status of his claim or the Motion filed afterward in this Court. Accordingly, the Motion is denied as untimely.